ACCEPTED
03-15-00393-CV
5933580
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/6/2015 7:18:43 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00393-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/6/2015 7:18:43 AM
JEFFREY D. KYLE
Clerk

MARY DECKER AND/OR ALL OTHER OCCUPANTS OF
1607 MAIN STREET, CEDAR PARK, TEXAS 78613,

*Appellants*,

v.

CLIFFORD HOMES, LLC,

*Appellee.*

ON APPEAL FROM THE COUNTY COURT AT LAW, WILLIAMSON COUNTY, TEXAS
TRIAL COURT CAUSE NO. 15-0508-CC4

**APPELLEE'S RESPONSE TO EMERGENCY MOTION FOR STAY OF
WRIT**

Dr. J. Hyde
Texas Bar No. 24027083
**THE J. HYDE LAW OFFICE, PLLC**
111 E. 17th Street #12015
Austin, TX 78711
Telephone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

*Counsel for Appellee*

_____

**IN THE THIRD COURT OF APPEALS OF TEXAS**

_____

MARY DECKER AND/OR ALL OTHER OCCUPANTS OF
1607 MAIN STREET, CEDAR PARK, TEXAS 78613,

*Appellants*,

v.

CLIFFORD HOMES, LLC,

*Appellee*.

_____

ON APPEAL FROM THE COUNTY COURT AT LAW, WILLIAMSON COUNTY, TEXAS
TRIAL COURT CAUSE NO. 15-0508-CC4

_____

**APPELLEE'S RESPONSE TO EMERGENCY MOTION FOR STAY OF WRIT**

_____

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee Clifford Homes, LLC, by and through undersigned counsel, respectfully responds to the Emergency Motion for Stay of Writ ("Motion") filed by Appellant Mary Decker, and in support thereof states as follows:

**INTRODUCTION**

1. In a nutshell, Decker's Motion seeks to stay issuance of a writ of possession until the trial court sets a supersedeas bond—an event that took place

2

*before the Motion was filed*.  Decker's request is moot, and the stay issued by this Court on 2 July 2015 should be lifted.

## BACKGROUND AND ARGUMENT

2.     In this post-foreclosure forcible detainer action, the trial court rendered a final judgment of possession in favor of Clifford Homes on 23 June 2015 following a summary-judgment hearing.  (*See* Attachment B to Motion).  That judgment is on appeal in this proceeding.

3.     On June 25, Decker filed a "Motion for Bond Application" in the trial court.  (*See* Attachment C to Motion).[1]  On June 29, Clifford Homes filed a response to that motion.  (*See* Plaintiff's Response to Defendant's Motion for Bond Application and Emergency Motion to Stay Writ of Possession Until Bond Is Set, attached hereto as **Exhibit 1**).

4.     On June 29 and 30, counsel for the parties communicated via e-mail with the county court administrator regarding Decker's Bond Application.  (*See* Attachment E to Motion; *see also* E-mails attached hereto as **Exhibit 2**).  In response to the court administrator's request, on June 30 the undersigned e-mailed the administrator copies of Decker's application and Clifford Homes' response, along with each party's proposed order.  (*See* Exhibit 2).  In the e-mail, the

---

[1] Decker asserts in the Motion that she requested that the trial court set a bond at the conclusion of the summary-judgment hearing and that the trial court "refused" to do so.  (*See* Motion, at ¶ 5).  But the trial court's "refusal" was not arbitrary, as Decker suggests.  The trial court merely informed the parties that he was not setting a bond at that time because no bond application had been filed.

undersigned reiterated the importance of a speedy ruling in light of the Property Code's strict deadline for superseding eviction judgments. (*See id.*).

5.  The next day, July 1, the trial court signed and filed an order ruling on Decker's Bond Application and setting the type and amount of security required to suspend enforcement of the judgment pending appeal. (*See* Order, attached hereto as **Exhibit 3**).

6.  On July 2, the undersigned checked the case docket and, seeing the order reflected, requested and obtained a copy from the clerk's office via e-mail. (*See* e-mail from A. Wiseman to J. Hyde, attached hereto as **Exhibit 4**). Later that day, Decker filed the underlying Motion without conferring with Clifford Homes, and the Court entered a stay order shortly thereafter. Had Decker checked the docket or conferred with the undersigned before filing the Motion, she would have learned that the Motion was moot before she filed it.[2]

7.  Although somewhat beyond the scope of the Motion, Clifford Homes notes that the trial court's July 1 order on the Bond Application is proper on its merits. The purpose of a supersedeas bond is to suspend enforcement of the trial court's judgment while an appeal is pending. *See* TEX. R. APP. P. 24.1(f). In

---

[2] As this Court noted in its July 2 Order, Decker's Motion, though styled a petition for writ of mandamus, "is actually a motion in a pending appeal." As such, the Motion was required to contain a certificate stating that the filing party conferred, or made a reasonable attempt to confer, with all other parties about the merits of the motion. TEX. R. APP. P. 10.1(a)(5). Decker made no such attempt to confer, and the Motion did not contain a certificate of conference (although one was inexplicably referenced in the Table of Contents).

4

eviction suits like the one at issue, in setting the bond "the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." TEX. PROP. CODE § 24.007(a); *see also* TEX. R. APP. P. 24.2(a)(2) (requiring that the amount of security to suspend enforcement of judgments "for the recovery of an interest in real or personal property" be at least "the value of the property interest's rent or revenue").

8. The trial court appropriately set the appellate security in accordance with the parameters of the Property Code and the Rules of Appellate Procedure. (*See* Exhibits 1 & 3). Decker may suspend enforcement of the judgment by depositing the ordered security into the registry of the county court no later than 6 July 2015. TEX. PROP. CODE § 24.007(a) ("A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court."); *see also* TEX. R. APP. P. 24.2(a)(2) ("When the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post.").

9.     Clifford Homes would also note that the underlying appeal of the trial court's summary judgment is itself frivolous, as it involves an argument (often made by the same attorney) that this Court has rejected multiple times in the past few years. Specifically, Decker argued on summary judgment that a title dispute— in the form of a challenge to the validity of the foreclosure sale of the Property to Clifford Homes—deprived Clifford Homes of the right to immediate possession, even though the foreclosed deed of trust established a landlord-tenant relationship. *See, e.g.*, *Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.) (noting that this Court "has consistently held that defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession"); *see also Killebrew v. BKE Investments, Inc.*, No. 03-13-00149-CV, 2014 WL 3055984 (Tex. App.—Austin June 30, 2014, no pet.) (mem. op.) (same); *Jaimes v. Fed. Nat'l Mortgage Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.) (same); *Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.) (same). Decker should not be permitted to continue to occupy the Property

while prosecuting a frivolous appeal without depositing the requisite security as ordered by the trial court.

10.    In sum, Decker's Motion is moot, and the stay should be lifted.  The trial court properly ruled on Decker's Bond Application, and it is up to her to supersede the judgment while this appeal is pending.

WHEREFORE, Clifford Homes respectfully requests that the Court LIFT the stay of the writ of possession entered on 2 July 2015.

Respectfully Submitted,

*/s/ J. Hyde*

_____

Dr. J. Hyde
State Bar No. 24027083
**THE J. HYDE LAW OFFICE, PLLC**
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

*Attorney for Appellee*

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Texas Rule of Appellate Procedure 9.5 and Local Rule 4(d), a copy of Appellee's Response to Emergency Motion for Stay of Writ was served on this 6th day of July, 2015, via e-service, upon the following:

David Rogers
1201 Spyglass, Suite 100
Austin, TX 78746

*/s/ J. Hyde*

_____

Dr. J. Hyde

# EXHIBIT 1
## Response to Bond Application

**CAUSE NO. 15-0508-CC4**

| | | |
|---|---|---|
| CLIFFORD HOMES, LLC, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and/or | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613, | § | |
| | § | |
| Defendants. | § | WILLIAMSON COUNTY, TEXAS |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR BOND APPLICATION AND EMERGENCY MOTION TO STAY WRIT OF POSSESSION UNTIL BOND IS SET

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff CLIFFORD HOMES, LLC, by and through undersigned counsel, respectfully responds to Defendant's Motion for Bond Application and Motion to Stay Writ of Possession ("Motion"), and in support thereof states as follows:

### INTRODUCTION

This is a post-foreclosure forcible detainer action. Eleven months ago, Plaintiff Clifford Homes purchased the subject property at the August 2014 Williamson County foreclosure auction. Following Defendant-induced delays in the eviction proceedings in the Justice Court that necessitated mandamus relief, this Court signed a final judgment granting Clifford Homes immediate possession of the Property, and Decker has appealed. Now, after eleven months of living rent- and mortgage-free, Defendant Decker requests that the Court set a supersedeas bond in the nominal amount of $500.00, summarily

asserting that her net worth is -$88,040.66. In making this request, Decker cites inapplicable authority that relates only to money judgments, makes unsupported assertions about her net worth, provides no information about her monthly income, and simply provides no support for the amount requested. As demonstrated below, the Court should set the amount of the security necessary to supersede the judgment at $31,365.00, which properly takes into account the reasonable rental value of the Property as required by applicable law.

**BACKGROUND**

1. On 23 June 2015, the Court granted Clifford Homes' motion for summary judgment and rendered a final judgment awarding Clifford Homes immediate possession of the real property located at 1607 Main Street, Cedar Park, Texas 78613. (*See* Ex. A to Decker's Motion).

2. Clifford Homes had purchased the Property at the 5 August 2014 foreclosure sale in Williamson County and initially filed the underlying forcible detainer action in Justice Court seeking immediate possession of the Property on 7 October 2014. The Justice Court rendered a final judgment in Decker's favor on 2 April 2015, leading to Clifford Homes' appeal and this Court's summary judgment on June 23.

3. The case had remained pending for an extended period in the Justice Court because that court erroneously abated the case pending the outcome of a separate suit that Decker filed in Williamson County District Court (the "Title Suit") challenging the validity of the foreclosure sale. This forced Clifford Homes to file a petition for writ of

2

mandamus, which this Court granted. (*See* Exs. 7 & 8 to Clifford Homes' Traditional Motion for Summary Judgment).

4.      Decker has timely filed a notice of appeal from this Court's final judgment.

5.      In her Motion to set the bond, Decker asserts that undersigned counsel "has stated that there is no amount of bond that his client would accept." (Motion, at n.3). Quite simply, that assertion is false. The undersigned has never made that or any similar statement, which would be nonsensical and in contravention of the statutes and rules governing supersedeas bonds. What the undersigned has stated to opposing counsel is that his client would not accept a security amount that does not take into account the rental value of the Property while the appeal is pending. That statement is consistent with the arguments made herein and, more importantly, with applicable law.

## ARGUMENT

6.      Suspension of enforcement of eviction judgments is governed by Texas Rule of Appellate Procedure 24 and Texas Property Code section 24.007. Rule 24.1 allows a debtor to suspend enforcement of a judgment by, *inter alia*, filing "a good and sufficient bond" or "making a deposit with the trial court clerk in lieu of a bond." TEX. R. APP. P. 24.1(a)(2), (3). However, "[w]hen the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post." TEX. R. APP. P. 24.2(a)(2). Rule 24 further allows the trial court to "make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause." TEX. R. APP. P. 24.1(e).

3

7. Importantly, section 24.007, which expressly governs forcible-detainer appeals and which Decker conveniently failed to cite in her Motion, requires that any security be posted "within 10 days of the signing of the judgment" and that it "provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." TEX. PROP. CODE § 24.007(a).

8. Decker cites Civil Practice and Remedies Code section 52.006 and Rule of Appellate Procedure 24.2(a)(1) to argue that the amount of security may not exceed 50 percent of her net worth. Those provisions, however, expressly apply only to *money judgments*. TEX. CIV. PRAC. & REM. CODE § 52.006(b) ("[W]hen a judgment is for money, the amount of security must not exceed … 50 percent of the judgment debtor's net worth[.]"); TEX. R. APP. P. 24.2(a)(1) ("When the judgment is for money, the amount of the bond … must not exceed … 50 percent of the judgment debtor's current net worth[.]"). By contrast, Property Code section 24.007, cited above, applies to forcible detainer judgments. Consistent with that provision, Rule 24.2(a)(2) applies to judgments "for the recovery of an interest in real or personal property" and states that the amount of the security "must be *at least* … the value of the property interest's rent or revenue." TEX. R. APP. P. 24.2(a)(2) (emphasis added). Unlike with money judgments, the amount of security for a judgment for an interest in real property is not capped by the judgment debtor's net worth.

9.     Accordingly, Decker's contention that she has a negative net worth is irrelevant to the proper amount of appellate security in this case. Even if it were relevant, the evidence submitted in support of that contention is conclusory at best. Decker states in an affidavit that she has total assets of $2,612 ($1,612 in bank accounts and cash, $750 in appliances and furniture, and $250 in home furnishings) and total liabilities of $90,652.66 ($250 in credit card debt, $40,402.66 for an outstanding loan from NationStar, and $50,000 in student loans). Leaving aside that these numbers appear a bit random, no documentation was submitted in support of these amounts. The lack of documentation is particularly troubling given Decker's past readiness to provide bank statements to the Court when she believes it supports her position. Because Decker's net worth has no bearing on the proper security amount, and because, in any event, she has failed to submit competent evidence in support of her net worth, Decker's request to set the amount of appellate security at $500 lacks merit and should be rejected.

10.     Instead, the Court should set the supersedeas amount in accordance with Property Code section 24.007 and Rule of Appellate Procedure 24.2(a)(2) by taking into consideration the rental value of the Property while the appeal is pending. As shown by the affidavit of Kenneth Ward attached as Exhibit 1, and the Comparative Market Analysis attached as Exhibit 2,[1] the current fair market rental value of the Property is $1,845.00 per month. Further, publicly available information from the Third Court of

---

[1] The Comparative Market Analysis is admissible as a business record. The affidavit of Kenneth Ward establishes that: (1) the record was made and kept in the course of a regularly conducted business activity, (2) it was the regular practice of the business activity to make the record, (3) the record was made at or near the time of the event that it memorializes, and (4) the record was made by a person with knowledge who was acting in the regular course of business. TEX. R. EVID. 803(6).

Appeals regarding eight recently concluded appeals of post-foreclosure forcible-detainer judgments shows that these appeals were pending for an average of 17 months (from date of filing notice of appeal to date of mandate). The spreadsheet attached hereto as Exhibit 3 summarizes the information underlying this fact, which may be judicially noticed. TEX. R. EVID. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").[2]

11.    Multiplying the average number of months (17) by the Property's monthly rental value ($1,845.00) yields a total of $31,365.00. This is the reasonable, necessary, and proper amount to protect Clifford Homes' interest in the Property while the appeal is pending.

12.    To the extent equity is a consideration, it is worth reiterating that Decker has been living in the Property for free for eleven months, and now seeks to go on living basically for free while she appeals the judgment granting Clifford Homes immediate possession. This is not a result contemplated by the supersedeas rules. Further, it undercuts the purpose served by the statutory scheme governing forcible-detainer actions, which the Legislature enacted "to provide a speedy and inexpensive remedy for determination of who is entitled to immediate possession of property." *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (citing *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936)). What

---

[2] The docket information verifying the information in the spreadsheet is available on the Third Court of Appeals' official website, accessible at http://www.txcourts.gov/3rdcoa.aspx.

should have been a speedy and inexpensive route to possession has become a lengthy and expensive one. Clifford Homes has owned the Property for almost a year and has been responsible for the burdens of ownership—such as purchase price (which was paid in full at the foreclosure sale), property insurance, and taxes—but has been deprived of all the benefits with no meaningful way to recover for that lost time. Conversely, Decker has had the benefit of possession all this time even though she no longer owns the Property, is no longer paying for it, and has no right to occupy it. To allow this state of affairs to continue for an additional 17 (basically rent-free) months is far from equitable.

13. Decker accuses Clifford Homes of seeking a security amount that would "shut the courthouse door and force the Defendant to give up her home" without the opportunity to appeal. (Motion, at ¶ 6). That is simply not the case. Decker has already commenced the appellate process by filing a notice of appeal. She also continues to pursue the Title Suit. Any harm to Decker is not irreversible, and it is unclear how Decker is harmed merely because she may not continue to live rent-free.

14. Finally, Clifford Homes notes that setting the security amount at or anywhere near the incredibly low amount requested by Decker is particularly inequitable given the frivolous nature of her appeal. Decker's only challenge to Clifford Homes' right to possession is that alleged defects in the foreclosure process purportedly rendered the foreclosure sale of the Property to Clifford Homes invalid. That is the exact issue being independently litigated in the Title Suit, and the law could not be more clear that "defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice

7

or county courts of jurisdiction to resolve the question of immediate possession." *Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.); *see also, e.g., Killebrew v. BKE Investments, Inc.*, No. 03-13-00149-CV, 2014 WL 3055984 (Tex. App.—Austin June 30, 2014, no pet.) (mem. op.) (same); *Jaimes v. Fed. Nat. Mortgage Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.) (same); *Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523 (Tex. App.—Austin Aug. 14, 2013, no pet.) (same); *Rodriguez v. CitiMortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.) (same).

15.     Allowing Decker to suspend enforcement of the judgment of possession for almost nothing in order to pursue a frivolous appeal merely encourages frivolous appeals. Clifford Homes is entitled to have the appellate security set at an amount that protects its rights under the judgment the Court has rendered.  It seeks nothing more and nothing less. And its request is supported by the Property Code, the Rules of Appellate Procedure, and the evidence.

16.     A brief response to Decker's Emergency Motion to Stay Writ of Possession is warranted.  The Property Code is clear: "A judgment of a county court in an eviction suit <u>may not under any circumstances</u> be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court."  TEX. PROP. CODE § 24.007(a) (emphasis added).  Accordingly, the

writ of possession may be issued on 7 July 2015 if Decker has not yet posted supersedeas in an amount set by the court.

17.     To Clifford Homes' knowledge, Decker has neither requested nor set a hearing on her Motion for Bond Application.  Clifford Homes stands on its written submission, but is prepared to participate in a hearing if set.

## CONCLUSION

WHEREFORE, Clifford Homes respectfully requests that the Court set the amount of security required to supersede the judgment at $31,365.00.  Clifford Homes further requests that Defendant be required to deposit $31,365.00 in cash into the registry of the Court no later than 6 July 2015 (the tenth day following the entry of judgment) in order to supersede the judgment pending appeal.

Respectfully Submitted,

*/s/ J. Hyde*

_____
Dr. J. Hyde
State Bar No. 24027083
**THE J. HYDE LAW OFFICE, PLLC**
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, in accordance with Rule 21a of the Texas Rules of Civil Procedure, on this 29th day of June, 2015, a true and correct copy of the foregoing has been served upon all parties of record via e-service or facsimile:

David Rogers
1201 Spyglass, Suite 100
Austin, Texas 78746
Fax: (512) 201-4082

*/s/ J. Hyde*

_____
Dr. J. Hyde

# CAUSE NO. 15-0508-CC4

| CLIFFORD HOMES, LLC, | § | IN THE COUNTY COURT AT LAW |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and/or | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613, | § | |
| | § | |
| Defendants. | § | WILLIAMSON COUNTY, TEXAS |

## ORDER ON DEFENDANT MARY DECKER'S MOTION FOR BOND APPLICATION AND EMERGENCY MOTION TO STAY WRIT OF POSSESSION UNTIL BOND IS SET

The Court rendered a final judgment of immediate possession in this action in favor of Plaintiff on 23 June 2015. Before the Court are Defendant's Motion for Bond Application and Motion to Stay Writ of Possession Until Bond Is Set. Having reviewed the parties' arguments and evidence, and being fully advised, the Court finds that, pursuant to TEX. PROP. CODE § 24.007 and TEX. R. APP. P. 24.2(a)(2), the amount of security that Defendant must post to stay the final judgment in this action pending appeal is $31,365.00.

IT IS THEREFORE ORDERED that, pursuant to TEX. PROP. CODE § 24.007(a), Defendant must deposit $31,365.00 in cash into the registry of the Court no later than the close of business on Monday, 6 July 2015, in order to suspend enforcement of the above-referenced judgment.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Writ of Possession Until Bond Is Set is DISMISSED AS MOOT.

Signed this _____ day of _____, 2015

_____
Honorable Judge Presiding

# EXHIBIT 1
## Affidavit of Ken Ward

| | | |
|---|---|---|
| CLIFFORD HOMES, LLC, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613, | § | |
| | § | |
| Defendants. | § | WILLIAMSON COUNTY, TEXAS |

## AFFIDAVIT OF KENNETH WARD

STATE OF TEXAS     )
COUNTY OF TRAVIS   )

BEFORE ME, the undersigned authority, on this day personally appeared Kenneth Ward, who swore or affirmed to tell the truth, and stated as follows:

1. My name is Kenneth Ward. I am over eighteen years of age, of sound mind, and capable of making this sworn statement. I have personal knowledge of the facts written in this statement.

2. I have managed residential real estate since 2003.

3. I am a member of Clifford Homes, LLC. I also have personal knowledge of Clifford Homes' recordkeeping practices.

4. The Comparative Market Analysis attached as Exhibit 2 to Clifford Homes' Response to Motion for Bond Application in this case is a true and correct copy of a document I created on behalf of Clifford Homes.

5. The Comparative Market Analysis was made and kept in the course of a regularly conducted business activity, and it was the regular practice of the business activity to make the Comparative Market Analysis.

6.      The Comparative Market Analysis was made at or near the time of the events that it memorializes and was made by a person with knowledge who was acting in the regular course of business.

7.      On 26 June 2015, I prepared the Comparative Market Analysis for the property located at 1607 Main Street, Cedar Park, Texas 78613 ("Property") in an effort to determine the fair market rental value for the Property. The Property is a one-story, detached, 1,999 square-foot, single family home with a three-car garage in the Cedar Park Town Center subdivision and is located on an oversized corner lot two blocks away from the neighborhood park, pool, and recreation center. To prepare the Comparative Market Analysis, I searched the multiple listing service listings for similar homes that have been leased in the same subdivision as the Property during the last ninety days. Three properties have been leased within the last ninety days that have a single-story floor plan, similar square footage, and that are located in the Cedar Park Town Center Subdivision. Two of the properties rented for $1,700 per month, but at 1710 and 1726 square feet, respectively, are smaller than the subject Property and have only two-car garages. The third property rented for $2,000 per month, but at 2327 square feet is larger than the subject Property and has a three-car garage. In addition, the Property is located on a .226-acre lot as opposed to the .117-acre, .115-acre, and .185-acre lots, respectively, of the three comparable properties. Based on these factors and the other information contained in the Comparative Market Analysis, I estimate that the current fair market rental value of the Property is $1,845 per month.

Signed and affirmed this 29th day of June, 2015.

Kenneth Ward

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on the 29th day of June, 2015, by Kenneth Ward.

Notary Public, State of Texas

My commission expires: November 12, 2018



SHAUN COUTEE
MY COMMISSION EXPIRES
November 12, 2018

2

# EXHIBIT 2
## Comparative Market Analysis

## Summary of Comparable Listings

This page summarizes the comparable listings contained in this market analysis.

### Leased Listings

| Address | Price | Bds | Bth | Sqft Tot | Acres | Lease Date | CDOM | ADOM |
|---|---|---|---|---|---|---|---|---|
| 1607 Main ST | | | | *1999* | *0.226* | | | |
| 609 Brazos Bend DR | $1,700 | 3 | 2 | 1,726 | 0.115 | 05/23/2015 | 11 | 11 |
| 1802 Garner DR | $1,700 | 4 | 2 | 1,710 | 0.117 | 05/14/2015 | 6 | 6 |
| 1804 Discovery BLVD | $2,000 | 4 | 2 | 2,327 | 0.185 | 06/05/2015 | 17 | 17 |
| Averages: | **$1,800** | **3.7** | **2.0** | **1,921** | **0.139** | | **11** | **11** |

| | Low | Median | Average | High | Count |
|---|---|---|---|---|---|
| **Comparable Price** | $1,700 | $1,700 | $1,800 | $2,000 | 3 |
| **Adjusted Comparable Price** | $1,836 | $1,846 | $1,845 | $1,854 | 3 |

## CMA Price Adjustments

This page outlines the subject property versus comparables properties.





| Subject Property | | Details | Adjust | Details | Adjust |
|---|---|---|---|---|---|
| 1607 Main ST | | 609 Brazos Bend DR | | 1802 Garner DR | |
| MLS# | | 5220424 | | 2921298 | |
| Status | | Leased | | Leased | |
| List Price | | $1,700 | | $1,700 | |
| List Date | | 04/20/2015 | | 05/08/2015 | |
| Sold Price | | $1,700 | | $1,700 | |
| Sold Date | | 05/23/2015 | | 05/14/2015 | |
| City | Cedar Park | Cedar Park | 0 | Cedar Park | 0 |
| Subdiv | Cedar Park Towncenter | Cedar Park Towncenter Se | 0 | Cedar Park Towncenter Se | 0 |
| County | Williamson | Williamson | 0 | Williamson | 0 |
| Zip | 78613 | 78613 | 0 | 78613 | 0 |
| Sqft Total | 1999 | 1,726 | 136 | 1,710 | 144 |
| # Stories | 1 | | 0 | | 0 |
| ADOM/CDOM | --/ | 11/11 | 0/0 | 6/6 | 0/0 |
| Beds | | 3 | 0 | 4 | 0 |
| Baths | | 2 (2 0) | 0/0 | 2 (2 0) | 0/0 |
| # Gar Spcs | 3 | 2 | 10 | 2 | 10 |
| Pool on Prop | No | No | 0 | No | 0 |
| Year Built | 2006 | 2007 | 0 | 2006 | 0 |
| Acres | 0.226 | 0.000 ac/0 | 0 | 0.000 ac/0 | 0 |
| Buy Clsg $ Pd by Slr | | | 0 | | 0 |
| Repairs Amt | | | 0 | | 0 |

**Remarks:**

One Story

3 car garage

3 sides stone exterior

oversized corner lot

2 blocks to neighborhood park/pool

Price adjustments based on $0.50 / square foot + $10 for third car garage

Meticulously maintained 1 story home in great area. 3 bedroom plus home office (could be exercise room, hobby room or 4th bedroom). Kitchen features granite counter tops and center island. Refrigerator stays. Hardwood floors through main areas of the home. Laundry room with washer and dryer. Upgraded throughout.
Covered patio. 2 car rear entry garage with door opener. Located near major roads, Costco and plenty of shopping/ restaurants.

4 spacious bedrooms in the highly sought after Leadner ISD! Great floor plan with tons of upgrades throughout. The open kitchen features stainless steel appliances, granite counter tops, gas stove, island, and a breakfast area. Huge windows throughout bring in tons of natural light. The master bed room features a double vanity, separate garden tub & shower, and walk in closet. The private backyard with a covered patio is perfect for entertaining!

| | | | |
|---|---|---|---|
| Price | | $1,700 | $1,700 |
| Total Adjustments | | $146 | $154 |
| Adjusted Price | | $1,846 | $1,854 |

## CMA Price Adjustments

This page outlines the subject property versus comparables properties.

 

| Subject Property | | Details | Adjust |
|---|---|---|---|
| 1607 Main ST | | 1804 Discovery BLVD | |
| **MLS#** | | 8049941 | |
| **Status** | | Leased | |
| **List Price** | | $2,095 | |
| **List Date** | | 05/01/2015 | |
| **Sold Price** | | $2,000 | |
| **Sold Date** | | 06/05/2015 | |
| **City** | Cedar Park | Cedar Park | 0 |
| **Subdiv** | Cedar Park Towncenter | Cedar Park Towncenter | 0 |
| **County** | Williamson | Williamson | 0 |
| **Zip** | 78613 | 78613 | 0 |
| **Sqft Total** | 1999 | 2,327 | -164 |
| **# Stories** | 1 | | 0 |
| **ADOM/CDOM** | --/ | 17/17 | 0/0 |
| **Beds** | | 4 | 0 |
| **Baths** | | 2 (2 0) | 0/0 |
| **# Gar Spcs** | 3 | 3 | 0 |
| **Pool on Prop** | No | No | 0 |
| **Year Built** | 2006 | 2013 | 0 |
| **Acres** | 0.226 | 0.000 ac/0 | 0 |
| **Buy Clsg $ Pd by Slr** | | | 0 |
| **Repairs Amt** | | | 0 |

**Remarks:**

One Story

3 car garage

3 sides stone exterior

oversized corner lot

2 blocks to neighborhood park/pool

Price adjustments based on $0.50 / square foot + $10 for third car garage

Elegant open single story -CP Town Center. Huge covered front porch or covered back patio. 3 Car Garage, entering from back of home. Gorgeous engineered wood floors. Spacious kitchen has granite counters, huge counter space area & breakfast bar. Master suite has tiered ceiling, garden bathtub, separate shower & double sinks. French doors open into study/formal dining. Fully fenced w/easy care fencing. Sprinkler system. Refrigerator, washer and dryer. Easy access to shopping, park, and pool.

| | |
|---|---|
| **Price** | **$2,000** |
| **Total Adjustments** | **$-164** |
| **Adjusted Price** | **$1,836** |

## Minimums and Maximums

This page summarizes key fields of the listings in this analysis.

**The listings in this analysis can be summarized as follows:**

Listing Price between $1,700 and $2,095

3 to 4 Bedrooms

2.00 Total Bathrooms

1,710 to 2,327 Square Feet

Year Built between 2006 and 2013 years

$0.90 to $0.99 List Price per Square Foot

$0.86 to $0.99 Sold Price per Square Foot

6 to 17 Cumulative Days on Market

## Number of Cumulative Days On Market

This graph illustrates the number of cumulative days on market for the listings in this analysis.



**Cumulative Days On Market**

## List Price and Sale Price

This graph illustrates the list price, along with sale price in Sold listings.



## CMA Pro Report

These pages give a general overview of the selected properties.

### Leased Properties

#### 609 Brazos Bend DR



| | | | |
|---|---|---|---|
| MLS #: | **5220424** | Status: **Leased** | Beds: **3** — L Price: **$1,700** |
| County: | **Williamson** | | Baths: **2 ( 2 0)** — Lse Prc: **$1,700** |
| City: | **Cedar Park** | | Age: **2007** — Lse Dt: **5/23/2015** |
| Parking: | | | CDOM: **11** |

Rmks: **Meticulously maintained 1 story home in great area. 3 bedroom plus home office (could be exercise room, hobby room or 4th bedroom). Kitchen features granite counter tops and center island. Refrigerator stays. Hardwood floors through main areas of the home. Laundry room with washer and dryer. Upgraded throughout.**
**Covered patio. 2 car rear entry garage with door opener. Located near major roads, Costco and plenty of shopping/ restaurants.**

Direct: **Take 183A and exit FM 1431. West on FM 1431 to Right on Discovery Blvd. Left at circle on to Main St. Right on Brazos Bend Dr.**

#### 1802 Garner DR



| | | | |
|---|---|---|---|
| MLS #: | **2921298** | Status: **Leased** | Beds: **4** — L Price: **$1,700** |
| County: | **Williamson** | | Baths: **2 ( 2 0)** — Lse Prc: **$1,700** |
| City: | **Cedar Park** | | Age: **2006** — Lse Dt: **5/14/2015** |
| Parking: | | | CDOM: **6** |

Rmks: **4 spacious bedrooms in the highly sought after Leadner ISD! Great floor plan with tons of upgrades throughout. The open kitchen features stainless steel appliances, granite counter tops, gas stove, island, and a breakfast area. Huge windows throughout bring in tons of natural light. The master bed room features a double vanity, separate garden tub & shower, and walk in closet. The private backyard with a covered patio is perfect for entertaining!**

Direct: **From 1431, go north on Discovery Blvd to Big Spring Drive. Turn left and go through the roundabout to Hill Country Drive, turn right on Bill Creek Prkwy, turn left on Garner, turn right.**

#### 1804 Discovery BLVD



| | | | |
|---|---|---|---|
| MLS #: | **8049941** | Status: **Leased** | Beds: **4** — L Price: **$2,095** |
| County: | **Williamson** | | Baths: **2 ( 2 0)** — Lse Prc: **$2,000** |
| City: | **Cedar Park** | | Age: **2013** — Lse Dt: **6/5/2015** |
| Parking: | | | CDOM: **17** |

Rmks: **Elegant open single story -CP Town Center. Huge covered front porch or covered back patio. 3 Car Garage, entering from back of home. Gorgeous engineered wood floors. Spacious kitchen has granite counters, huge counter space area & breakfast bar. Master suite has tiered ceiling, garden bathtub, separate shower & double sinks. French doors open into study/formal dining. Fully fenced w/easy care fencing. Sprinkler system. Refrigerator, washer and dryer. Easy access to shopping, park, and pool.**

Direct: **183A north to Hwy 1431. Left onto 1431. Right on Discovery Blvd. House on right.**

# CMA Pro Report

These pages give a general overview of the selected properties.

## Leased Properties

| | |
|---|---|
| Total # of Listings | **3** |
| Lowest Price | **$1,700** |
| Highest Price | **$2,000** |
| Average Price | **$1,800** |
| Avg. Price/SqFt | **$0.95** |
| Avg CDOM | **11** |



## CMA Pro Report

These pages give a general overview of the selected properties.

### Summary Graph/Analysis



Legend: Avg Price | Min Price | Max Price

### Cumulative Analysis

| Listing Category | Lowest Price | Highest Price | Average Price | Avg $ Per SF |
|---|---|---|---|---|
| Leased | $1,700 | $2,000 | $1,800 | $0.95 |
| **Totals / Averages** | **$1,700** | **$2,000** | **$1,800** | **$0.95** |

### Sold Property Analysis

| Address | List Price | Sold Price | CDOM | %SP/LP | SP/Sqft |
|---|---|---|---|---|---|
| 609 Brazos Bend DR | $1,700 | $1,700 | 11 | %100.00 | $0.98 |
| 1802 Garner DR | $1,700 | $1,700 | 6 | %100.00 | $0.99 |
| 1804 Discovery BLVD | $2,095 | $2,000 | 17 | %95.47 | $0.86 |
| **Total Averages** | **$1,832** | **$1,800** | **11** | **%98.49** | **$0.95** |

## CMA Pro Report

These pages give a general overview of the selected properties.

## Property Summary

| S | Street Address | Bds | Bth | Sqft | L Price | S Price | Sold Date | CDOM |
|---|---|---|---|---|---|---|---|---|
| **Leased** | | | | | | | | |
| L | 609 Brazos Bend DR | 3 | 2 (2 0) | 1,726 | $1,700 | $1,700 | 05/23/2015 | 11 |
| L | 1802 Garner DR | 4 | 2 (2 0) | 1,710 | $1,700 | $1,700 | 05/14/2015 | 6 |
| L | 1804 Discovery BLVD | 4 | 2 (2 0) | 2,327 | $2,095 | $2,000 | 06/05/2015 | 17 |

## Brief Summary of Compared Listings

This report summarizes the comparable listings contained in this market analysis.

**Status: Leased**

| MLS# | Stat Date | Address | City | Sqft | Bds | Bth | L/S Price | CDOM |
|---|---|---|---|---|---|---|---|---|
| 5220424 | 05/23/2015 | 609 Brazos Bend DR | Cedar Park | 1,726 | 3 | 2.0 | $1,700 | 11 |
| 2921298 | 05/14/2015 | 1802 Garner DR | Cedar Park | 1,710 | 4 | 2.0 | $1,700 | 6 |
| 8049941 | 06/05/2015 | 1804 Discovery BLVD | Cedar Park | 2,327 | 4 | 2.0 | $2,000 | 17 |
| **Averages:** | | | | **1,921** | **4** | **2.0** | **$1,800** | **11** |

## Summary

| Status | Total | Avg Price | Avg $ Per SqFt | Median | Low | High | Avg CDOM |
|---|---|---|---|---|---|---|---|
| ACTIVE | | | | | | | |
| AC | | | | | | | |
| PENDING | | | | | | | |
| PENDING TB | | | | | | | |
| PENDING O4M | | | | | | | |
| SOLD | | | | | | | |
| LEASED | 3 | $1,800 | $0.95 | $1,700 | $1,700 | $2,000 | 11 |
| EXPIRED | | | | | | | |
| WITHDRAWN | | | | | | | |
| Temp Off Mrkt | | | | | | | |
| **Total** | **3** | **$1,800** | **$0.95** | **$1,700** | **$1,700** | **$2,000** | **11** |

## Pricing Recommendation

This page suggests a recommended selling price based on a thorough analysis of your property.

**Fair market value of home is $1845 per month based on Average Adjusted Comparable Price.**
Large single story home with three car garage and three sides stone exterior on oversized corner lot located only two blocks from park/pool.

Comparables are all the leased homes within last 90 days in MLS with : 1 story, 1700-2400 square feet, subdivision = towncenter

Comparable adjustments based on $0.50 per foot and $10 for third car garage.

# EXHIBIT 3
## Spreadsheet Summarizing Court of Appeals Data

**Third Court of Appeals -**
**Appeal Time for Recent Post-Foreclosure Eviction Cases**

| | Notice Date | Mandate | Number of Days | Number of Months |
|---|---|---|---|---|
| *Rodriguez* | 2/22/10 | 5/11/11 | 443 | 14.8 |
| *Reardean* | 8/24/12 | 12/5/13 | 468 | 15.6 |
| *Killebrew* | 3/1/13 | 9/8/14 | 556 | 18.5 |
| *Jaimes* | 4/30/13 | 4/10/14 | 345 | 11.5 |
| *Wilder* | 5/9/13 | 2/26/15 | 658 | 21.9 |
| *Ashley* | 8/23/13 | 3/6/15 | 560 | 18.7 |
| *Ebert* | 10/30/13 | 12/11/14 | 407 | 13.6 |
| *Richards* | 8/28/13 | 6/4/15 | 645 | 21.5 |

| | AVERAGE | 510 | 17.0 |
|---|---|---|---|

Rodriguez v. Citimortgage, Inc., No. 03-10-00093-CV, 2011 WL 182122 (Tex. App.--Austin Jan. 6, 2011)

Reardean v. Fed. Home Loan Mortgage Corp., No. 03-12-00562-CV, 2013 WL 4487523 (Tex. App.--Austin Aug. 14, 2013, no pet.)

Killebrew v. BKE Investments, Inc., No. 03-13-00149-CV, 2014 WL 3055984 (Tex. App.--Austin June 30, 2014, no pet.)

Jaimes v. Fed. Nat. Mortgage Ass'n, No. 03-13-00290-CV, 2013 WL 7809741, (Tex. App.--Austin Dec. 4, 2013, no pet.)

Wilder v. Citicorp Trust Bank, F.S.B., No. 03-13-00324-CV, 2014 WL 1207979 (Tex. App.--Austin Mar. 18, 2014, pet. dism'd w.o.j.)

Ashley v. Citimortgage, Inc., No. 03-13-00584-CV, 2014 WL 7466816, (Tex. App.--Austin Dec. 18, 2014, no pet.)

Ebert v. Strada Capital, Inc., No. 03-13-00729-CV, 2014 WL 4915046 (Tex. App.--Austin Oct. 1, 2014, no pet.)

Richards v. US Bank Nat'l Ass'n, No. 03-13-00590-CV, 2015 WL 657896 (Tex. App.--Austin Feb. 11, 2015, no pet.)

*All filing and docket information available at the Third Court of Appeals' official website, accessible at http://www.txcourts.gov/3rdcoa.aspx

# EXHIBIT 2
## June 29 and 30 E-mails re: Bond Application



**J Hyde <jhyde@jhydelaw.com>**

## Cause No. 15-0804-CC4; Bond: Clifford Homes v. Mary Decker

**Dr. J. Hyde** <jhyde@jhydelaw.com>                              Tue, Jun 30, 2015 at 11:11 AM
To: Sharrion Threadgill <sthreadgill@wilco.org>
Cc: Matthew Wilson <mwilson@matthewwilsonlaw.com>, David Rogers <darogers@aol.com>
Bcc: Ken Ward <kward@austin.rr.com>

Dear Ms. Threadgill,

Ms. Decker's Motion for Bond Application and our Response to that Motion are attached to this
email.  Our proposed order is included at the end of our Response and Ms. Decker's are attached
separately.  These documents have all been filed with the county clerk in the records of this case.
The only issue with the July 7th deadline stems from the wording of TEX. PROP. CODE § 24.007(a):
"A judgment of a county court in an eviction suit <u>may not under any circumstances</u> be stayed
pending appeal unless, within 10 days of the signing of the judgment, the appellant files a
supersedeas bond in an amount set by the county court." (emphasis added).  With the holiday, the
10 days in his case is over on July 6th.  Please advise as to how Judge Pennington would like us to
proceed with respect to this issue.  Thank you.


J

On Tue, Jun 30, 2015 at 10:02 AM, Sharrion Threadgill <sthreadgill@wilco.org> wrote:

Gentlemen –


Judge Pennington has requested each attorney submit a proposed Order along with written argument and he
will provide a ruling.  Your arguments along with proposed Orders should be submitted on or before July 7th.



Should you have any questions, please contact me.



---------------------------------

**Sharrion Threadgill, Court Administrator**

Williamson County Court at Law #4

405 Martin Luther King, Box 17

Georgetown, Texas 78626

512-943-1681

512-943-1685 fax

SThreadgill@wilco.org

**From:** Dr. J. Hyde [mailto:jhyde@jhydelaw.com]
**Sent:** Monday, June 29, 2015 1:55 PM
**To:** Matthew Wilson
**Cc:** Sharrion Threadgill; David Rogers
**Subject:** Re: Bond: Clifford Homes v. Mary Decker; 15-0804-CC4

Dear Ms. Threadgill,

We certainly do not oppose a quick hearing.  However, in the interest of saving all parties time and expense, as well as the convenience of the visiting judge, we believe the bond request can be resolved based on the written submissions and accompanying evidence.  At this point, it seems that any testimony at the hearing would be duplicative of what has already been submitted.  In any event, we recognize the time-sensitive nature of Defendant's request, as the statutory deadline for Defendant to suspend enforcement of the judgment pending appeal is 6 July 2015.  Thank you.

J

On Mon, Jun 29, 2015 at 1:03 PM, Matthew Wilson <mwilson@matthewwilsonlaw.com> wrote:

Hi Mrs Threadgill,

This email is to request a hearing to set a bond in the forcible detainer case: 15-0509-CC4.  The visiting judge granted summary judgment on June 23rd and did not set a bond despite a specific request for bond.  A notice of appeal, motion to set bond, and a motion to stay writ of possession were filed in this case last week.  I have three specific questions in this case.

1) Will a hearing be set this week in order to set bond?

2) If a hearing cannot be set this week before the ten day deadline, can a nominal bond be set until the court can set a hearing to set bond?

3) Will the court allow a writ of possession to issue in instances where a bond has not been set and a notice of appeal has been filed with the court?

Thanks,

# Matthew L. Wilson

**Wilson Law Office, PLLC**

**Attorney at Law**

**512.201.4519** **Direct**

**512.923.1836** **Office**

**512.201.4082** **E-Fax**

[MWilson@MatthewWilsonLaw.com](mailto:MWilson@MatthewWilsonLaw.com)

*MatthewWilsonLaw.com*

Serving With Honor



*CONFIDENTIALITY NOTICE:  This email communication (including any attached document(s)) may contain information that is confidential, proprietary and/or privileged.  The information is intended for the sole use of the indicated addressee(s).  If you are not an intended recipient of this email communication, please be advised that any disclosure, copying, distribution or other use of this communication or any attached document is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise.  If you have received this fax communication in error, please notify the sender immediately by e-mail (mwilson@matthewwilsonlaw.com), and promptly destroy all copies of this communication and any attached document(s). Thank you.*

--

**Dr. J. HYDE**

**The J. HYDE Law Office, PLLC**

111 E. 17th St. #12015

Austin, Texas 78711

T: 512.200.4080

F: 512.582.8295

E: jhyde@jhydelaw.com

CONFIDENTIALITY NOTICE: This communication is attorney/client privileged and confidential and solely for the identified recipient. Any disclosure, copying, distribution, or use of the contents of this communication is strictly prohibited. If you have received this e-mail in error, immediately notify the sender by reply e-mail and permanently delete this transmission.

TAX ADVICE DISCLAIMER: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

--
**Dr. J. HYDE**
**The J. HYDE Law Office, PLLC**
111 E. 17th St. #12015
Austin, Texas 78711
T: 512.200.4080
F: 512.582.8295
E: jhyde@jhydelaw.com

CONFIDENTIALITY NOTICE: This communication is attorney/client privileged and confidential and solely for the identified recipient. Any disclosure, copying, distribution, or use of the contents of this communication is strictly prohibited. If you have received this e-mail in error, immediately notify the sender by reply e-mail and permanently delete this transmission.

TAX ADVICE DISCLAIMER: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**3 attachments**

**Decker - Application for Bond - 062515.pdf**
653K

**Response to Bond Motion - File Stamped.pdf**
5459K

**Decker Proposed CC4 Orders.pdf**
413K

# EXHIBIT 3
## Order on Bond Application

## CAUSE NO. 15-0508-CC4

| | | |
|---|---|---|
| CLIFFORD HOMES, LLC, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and/or | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613, | § | |
| | § | |
| Defendants. | § | WILLIAMSON COUNTY, TEXAS |

### ORDER ON DEFENDANT MARY DECKER'S MOTION FOR BOND APPLICATION AND EMERGENCY MOTION TO STAY WRIT OF POSSESSION UNTIL BOND IS SET

The Court rendered a final judgment of immediate possession in this action in favor of Plaintiff on 23 June 2015. Before the Court are Defendant's Motion for Bond Application and Motion to Stay Writ of Possession Until Bond Is Set. Having reviewed the parties' arguments and evidence, and being fully advised, the Court finds that, pursuant to TEX. PROP. CODE § 24.007 and TEX. R. APP. P. 24.2(a)(2), the amount of security that Defendant must post to stay the final judgment in this action pending appeal is $31,365.00.

IT IS THEREFORE ORDERED that, pursuant to TEX. PROP. CODE § 24.007(a), Defendant must deposit $31,365.00 in cash into the registry of the Court no later than the close of business on Monday, 6 July 2015, in order to suspend enforcement of the above-referenced judgment.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Writ of Possession Until Bond Is Set is DISMISSED AS MOOT.

Signed this __1st__ day of __July__, 2015

**FILED**
at 4:31 o'clock P M

JUL 1 2015

Nancy E. Rister
County Clerk, Williamson Co., TX

_____
Honorable Judge Presiding
Mickey R. Pennington
Senior District Judge

# EXHIBIT 4
## July 2 E-mail from A. Wiseman to J. Hyde re: Bond Order



**J Hyde <jhyde@jhydelaw.com>**

## 15-0508-CC4

**Anita Wiseman** <awiseman@wilco.org>
To: "jhyde@jhydelaw.com" <jhyde@jhydelaw.com>

Thu, Jul 2, 2015 at 1:45 PM

*Anita Wiseman*

*Deputy Clerk*

*Williamson County*

*Civil/Probate*

*512-943-1140*



**Order.tif**
38K